**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW SCOTT FAGAN | |
| Appellant | No. 1130 WDA 2015 |

Appeal from the Judgment of Sentence April 21, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0011583-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                          **FILED APRIL 4, 2016**

Appellant, Matthew Scott Fagan, appeals from the April 21, 2015 aggregate judgment of sentence of three to eight years' incarceration, imposed by the trial court after Appellant entered a guilty plea to one count of theft by unlawful taking and one count of conspiracy.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an **_Anders_**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S.A. §§ 3921(a) and 903(c), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

The record reveals that Appellant stole in excess of $150,000.00 from the bookstore where he was employed. Appellant was charged with theft, receiving stolen property, conspiracy and unlawful use of a computer. On February 12, 2015, Appellant pled guilty to theft and conspiracy; in return, the Commonwealth withdrew the charges of receiving stolen property and unlawful use of a computer. The parties did not have an agreement as to sentencing. N.T., 2/12/15, at 2. On April 21, 2015, the trial court sentenced Appellant to three to eight years' incarceration. Appellant filed a timely post-sentence motion which the trial court denied on June 30, 2015. Appellant filed a timely notice of appeal. On September 18, 2015, the trial court directed Appellant to comply with Pennsylvania Rule of Appellate Procedure 1925(b). Counsel for Appellant complied on October 6, 2015, stating that she "has been unable to discover any non-frivolous matters that can be raised on appeal," and providing notice that she intended to file an **Anders** brief.

On appeal, Counsel has in fact filed an **Anders** Brief, which presents the following issue for our review.

> 1. Is the sentence imposed upon [Appellant] an abuse of discretion and manifestly unreasonable?

**Anders** Brief at 5.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super.

- 2 -

2010) (citation omitted).  Additionally, an **Anders** brief shall comply with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

 **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).  "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment

as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's ***Anders*** brief complies with the requirements of ***Santiago***. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded that Appellant "has not shown that his sentence is the result of an abuse of the trial court's discretion," and that Appellant's "appeal is frivolous." ***Anders*** Brief at 20. Lastly, counsel has complied with the requirements set forth in ***Millisock***. ***See*** Letter from Counsel to Appellant, dated 12/16/15.[3] As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Counsel for Appellant has explained that she "has attempted to reach [Appellant] but he has not responded to any requests for contact." ***Anders*** Brief at 14. Counsel also states that "[p]rior counsel had noted that

---

[3] The record indicates that Appellant has not filed a response.

[Appellant] was extremely upset at the length of his sentence." *Id.* Counsel nonetheless references Appellant's post-sentence motion for reconsideration, in which he asserted that his sentence was manifestly excessive, and cited his drug and gambling addictions as favoring placement at a rehabilitation facility; noted his prior record score of 0 and the non-violent nature of his crimes, such that the protection of the public was not warranted; and maintained that the trial court erroneously based its sentence on "the amount of money involved and the great impact the crime had on the victims." *Id.* at 13.[4]

At the outset, we note that Appellant's argument pertains to the discretionary aspects of his sentence. "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, when a defendant's plea is an open guilty plea, he does not waive claims regarding the discretionary aspects of the sentence

_____

[4] At the June 25, 2015 hearing on Appellant's post-sentence motion for reconsideration, Appellant did not present any new information, although the trial court noted that Appellant had left his half-way house without authorization, as well as his most recent place of employment. N.T., 6/25/15, at 4-5. Further, Mr. Larry Paper, the president of the bookstore from which Appellant stole, testified to the "tremendous" negative impact Appellant's theft had on the business. *Id.* at 13-15.

"because there was no agreement as to the sentence [the defendant] would receive." ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013) (citation omitted). Relevant to our analysis in this case, where there have been no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. ***Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, ***Dalberto v. Pennsylvania***, 516 U.S. 818 (1995). Nevertheless, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

Instantly, Appellant filed a timely motion for reconsideration of sentence and notice of appeal. Also, the ***Anders*** brief includes a Rule 2119(f) statement. ***Anders*** Brief at 11. We therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine

whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Instantly, Appellant avers that the trial court abused its discretion based on the following.

> [Appellant] has a drug and gambling addiction, and would be most effectively treated at a rehabilitation facility. [Appellant] also [i]s not an individual from whom the public needed protection, considering that he had a prior record score of zero and this was not a violent crime. [Appellant's] sentence was excessive in that the court based its sentencing decision on the amount of money involved and the great impact the crime had on the victims.

Appellant's Pa.R.A.P. 2119(f) Statement, ***Anders*** Brief at 13.

This Court has long recognized "an allegation that a sentencing court … did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009); ***see also Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005), *affirmed*, 913 A.2d 207 (Pa. 2006), *cert. denied*, ***Bullock v. Pennsylvania***, 550 U.S. 941 (2007). Furthermore, this Court has held that an argument that the trial court failed to consider certain mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162,

171 (Pa. Super. 2010). Consequently, Appellant has failed to a raise a substantial question for our review. *See Edwards*, *supra*.

We note that even if we were permitted to address the merits, Appellant would not be entitled to relief. At sentencing, the trial court recognized Appellant's "substantial drug problem, a gambling problem, among other things," but nonetheless referenced Appellant's poor employment history, stating, "this has been going on since 2013, 2014, 2015, and these victims are out $155,208.18. … [Appellant] knew this [case] was happening and [did] absolutely nothing [regarding restitution]." N.T., 4/21/15, at 7, 19. Appellant responded that he could not "give a definitive answer" about when he would begin to repay the money he stole. *Id.* at 8. Appellant also conceded he had smoked marijuana "three weeks ago." *Id.* at 9. Mr. Michael Paper, the bookstore owner who was victimized by Appellant's crimes, testified to learning that Appellant's theft began "from day one," and stated Appellant had "conned us as well as the police." *Id.* at 15. Mr. Paper testified as follows.

> There's evidence [Appellant] may still be receiving funds from the merchandise he stole. We have received nothing in restitution and no offer to do so. As a matter of fact, the last I heard he was still driving the vehicle purchased with stolen funds.
>
> His actions forced the closure of that department of our company and left over a dozen people out of work. The close to $160,000 in stolen funds not only represents my child's – children's college fund but also represent the first eight years in take-home pay when starting the company. … It

> wouldn't surprise me if he still had the majority of the funds tucked away in an account somewhere[.]

*Id.* at 15-16.

The trial court then explained as follows.

> I've considered the sentencing guidelines, I've considered the contents of the Presentence Report as corrected, as amended. … I've considered [Appellant's] lawyer's arguments, I've considered [Appellant's] statements to the Court, I've considered the Commonwealth's statements and arguments to the Court. I've considered also the testimony of two witnesses, the victims, … who have testified about the impact of [Appellant's] actions on their business and their personal life, and I've looked at the opportunity [Appellant was] provided, the defense, with an opportunity to address significant issues, not the only issue in this case, but certainly a significant one, to the victims, the amount of restitution. There is no plan, none whatsoever to address that issue.
>
> I've considered the punitive deterrent and rehabilitative aspect of sentencing[.]

*Id.* at 20.

The trial court then rendered Appellant's sentence of three to eight years' incarceration and concluded as follows.

> I'll note for the record that the sentence I imposed is a sentence that is a little above the standard range, but below, slightly below the aggravated range of the sentencing guidelines applicable to his case with respect to the theft count. There are no mandatories in this case. And, again, [Appellant] doesn't seem to have a plan to address the rehabilitative issues with respect to his drug, alleged drug usage and/or repayment of restitution within a reasonable time period to the victims in this case.

*Id.* at 23.

Based on the foregoing, we discern no abuse of discretion by the trial court in imposing Appellant's sentence. We also agree with counsel that Appellant's sentencing issue lacks merit. Furthermore, we have reviewed the certified record consistent with **Flowers** and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and affirm the April 21, 2015 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016